Chief Justice Robertson
delivered the Opinion of the Court.
On a bill filed by John Á. Taylor, to enjoin a judgment obtained against him by Presley Mosely, as assignee of Robert Mosely, on a promissory note, which he had given, in his individual capacity, to the assignor, in lieu of a demand against his deceased father, of whose will he was then executor—the Circuit Court, on final hearing, perpetually enjoined the judgment, on the ground, as we presume, that, in the opinion of that Court, there were no assets at the date of the note or since, and that, therefore, there was no binding consideration for the personal undertaking by the executor to pay the demand out of his own pocket.
*543 There can be no doubt that, although the promise to pay the debt of the testator is in writing, according to the statute of frauds and perjuries, nevertheless, it is not enforcible unless it was founded on some valuable consideration. But forbearance, for a certain or a reasonable time, if it operate to the prejudice of the creditor, may be a sufficient consideration. The more prevailing opinion has been, that forbearance will be a binding consideration even though there were no assets out of which the creditor might have made his debt. 1 Saunders, 210-11, n. 1, 2. Yel. 11, Goring v. Goring; 2 Lev. 3, Davis v. Rayner; 1 Vent. Davis v. Wright; 1 Ves. 126, Reech v. Kennegal.
But whatever may be the true doctrine upon that point, we have no doubt that, in this case, the stipulated forbearance for ten years, and the exoneration of another person who icas jointly liable with the testator, constituted a sufficient consideration to make the personal urndertaking of the executor binding in law;
And moreover, it does not clearly appear that, at the date of his note, the demand could not have been made out of assets in the executor’s hands.
Wherefore, as there is no proof of either fraud or iilistake, it is the opinion of this Court, that the decree of the Court below is erroneous.
Wherefore, the decree is reversed and the cause remanded, with instructions to dissolve the injunction, and dismiss the bill.