PET. & SUM.

# Ellis' Adm'r. &c. *vs* Merriman.

ERROR TO THE BULLITT CIRCUIT.

*Case 72.*

*Variance. Judgment. Consideration.*

*April 16.*

JUDGE BRECK delivered the opinion of the Court.

*The case stated.*

THIS was a petition and summons brought by Merriman, as assignee of McKay, against Ellis, upon the following obligation:

"Due S. A. McKay, ninety four dollars 12½ cents, the amount of his medical account against *Isah* Saunders, deceased. September 2, 1843.

his

W. W. ⋈ ELLIS,

mark.

*Adm'r. of Isah Saunders.*"

The defendant craved oyer of the obligation, and demurred. The demurrer was overruled, and judgment against the defendant *de bonis propriis,* to reverse which he prosecutes this writ of error.

Two questions are presented by the assignment of errors.

1. In regard to the demurrer.

2. In regard to the judgment, that it was erroneously rendered against the defendant, *de bonis propriis.*

As to the first quesion, it is insisted by counsel, that there is a variance between the petition and the note. The plaintiff states in the petition, that he holds a note upon the defendant, Ellis, administrator of *Isaiah* Saunders. The defendant in signing the obligation or note, describes himself as the administrator of *Isah* Saunders. But the note is accurately copied in the petition, the right person is sued, and the variance, if under any circustances it could be regarded as such, is wholly immaterial, and no ground of demurrer. But the demurrer also brings up the sufficiency of the writing set forth in the petition. According to the construction given by this Court, to writings of similar phraseology, as to the obligatory character thereof, it is in effect the covenant of the defendant to pay McKay ninety four dollars 12½ cents. By describing himself, in signing the obligation as administrator, the defendant does not thereby change or affect his personal liability upon it. Nor does the fact that it is an undertaking or covenant to pay the debt of his intestate render him less liable, as the case stands upon demurrer, than if that fact did not appear. It is true that the undertaking by the administrator to pay the debt of his intestate, without any consideration except the debt itself, does not render him responsible; he incurs thereby no additional personal liability. But the doctrine seems to be well settled, that forbearance by the creditor to sue, or having assets for the payment of the debt, will be a sufficient consideration for the undertaking or promise of the administrator, and render him personally liable. (*See Williams on executors*, 1090, 1095,) and authorities there cited; also *Mosby, &c.* vs *Taylor*, (4 *Dana*, 542.) That the covenant in this case was executed upon a sufficient consideration, is presumed. It was not necessary to express the consideration in the writing, nor to aver it in order to enable the plaintiff to maintain his action. The defendant could only render available as matter of defence, the want of consideration, by appropriate plea, as in other cases. He could not reach it by demurrer. We think, therefore, the demurrer was properly overruled.

**ELLIS'S AD'R.**
*vs*
**MERRIMAN.**

Note was signed by one as adm'r. of "*Isah*" Saunders, and corectly set out in petition, in which "*Isaiah*" Saunders, adm'r. is declared against: held there was no variance.

One who gives an obligation, signing as adm'r is personally bound, and if want of consideration be not plead and proved—

MARSHALL, &C.
*vs*
HUTCHISON, &C.

—Judgment is properly rendered *ed de bonis propriis.*

It also results from the view we have taken, that judgment was properly rendered against the defendant, *de bonis propriis.* He could only escape from personal liability upon his covenant, by pleading and relying upon the want of consideration or other matter of defence, and this he failed to do.

Whereupon the judgment is affirmed.

*W. R. Thompson* for plaintiff.

---

CHANCERY.

*Case* 73.

*April* 16.

Case stated in the bill.